112 So.2d 805

Charles Edward CREWS

v.

STATE.

8 Div. 534.

Court of Appeals of Alabama.

June 2, 1959.

Hinson & Hamilton and J. O. Sentell, Jr., Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant was indicted for burglary in the second degree, the indictment containing one count.

Upon arraignment on the indictment on 5 November 1958, the appellant entered a plea of not guilty, and at that time, by agreement between the Solicitor and the defendant, who was represented by counsel, the indictment was amended by adding as count 2 thereto a count charging appellant with receiving and concealing stolen money, knowing the same to have been stolen, to which charge the appellant entered a plea of guilty. The court dismissed the burglary count, with prejudice.

The court, under appellant's plea of guilty to the receiving and concealing count, adjudged him guilty and sentenced appellant to imprisonment in the penitentiary for a term of one year and a day, but suspended the sentence conditional upon payment of costs, and good behavior for six months.

On 20 December 1958, the appellant having failed to pay the costs, the court revoked the suspension of sentence.

Thereafter the appellant duly perfected an appeal to this court from the judgment which, as before stated, was rendered upon the attempted, and abortive amendment.

It is obvious under the facts that Amendment 37 to our Constitution, and its enabling statutory provisions, Sections 260–266 of Title 15, Code of Alabama 1940, relating to dispensing with an indictment in

felony cases where an accused is awaiting a preliminary hearing, or action by a grand jury, can have no application to our consideration of the present case.

■ Under Amendment 37 of our Constitution, (amending Section 8), one can ordinarily be proceeded against for a felony only upon an indictment, Kennedy v. State, 39 Ala.App. 676, 107 So.2d 913, unless of course within the provisions of Sections 260–266, supra, above mentioned.

■ An indictment is a written accusation of a crime presented or preferred, upon oath, by a grand jury, and its function is to inform the accused of the crime with which he is charged.

■ At common law an indictment could not be amended as to matters of substance without the consent of the grand jury. 42 C.J.S. Indictments and Informations §§ 230a, 239.

Further, at common law an indictment could not be amended, even as to immaterial matters, without the consent of the accused. Shiff v. State, 84 Ala. 454, 4 So. 419.

Reflecting this common law rule Section 253, Title 15, Code of Alabama 1940, provides that:

"An indictment may be amended, with the consent of the defendant, entered of record, when the name of the defendant is incorrectly stated, or when any person, property, or matter therein stated is incorrectly described."

■ The offense of receiving and concealing stolen property, knowing the same to have been stolen is a substantive offense within itself, and differs entirely in constituent elements from the substantive offense of burglary. See Ray v. State, 126 Ala. 9, 28 So. 634.

■ The attempted amendment in this case therefore constituted a change of substance in the indictment as preferred by

the grand jury, and not a change of form within the permissible limits of Section 253, supra.

Since under Constitutional requirements a person can be adjudged guilty of a felony only upon an indictment found by a grand jury, except under the conditions set forth in Sections 260–266, supra, the consent of the defendant to the amendment of the indictment can in no way be deemed to destroy any of those precious guarantees of liberty with which our forefathers, in their wisdom, saw fit to clothe every individual.

Reversed and remanded.