170 So.2d 815

**William E. LAY**

v.

**STATE.**

**4 Div. 511.**

Court of Appeals of Alabama.

Jan. 12, 1965.

Wm. E. Lay, pro se.

Richmond M. Flowers, Atty. Gen., and Owen Bridges, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from a judgment of the circuit court denying relief under coram nobis.

Appellant was indicted for murder in the first degree. On arraignment defendant entered a plea of not guilty. On the

·date set for trial an agreement was entered into between the solicitor, the defendant and defendant's employed counsel that defendant would plead guilty to a charge of second degree murder with a recommendation to the jury of a ten-year sentence.

By agreement of all the parties the indictment was amended by adding count 2 charging murder in the second degree. A jury was duly empaneled and a statement of facts, agreed upon by defendant, his counsel and the solicitor, was read to the jury by the solicitor, and the jury was informed of the agreement with respect to the ten year sentence. The jury returned a verdict finding the defendant guilty of murder in the second degree and fixing his punishment at ten years in the penitentiary.

In view of his free and voluntary consent to the procedure followed the petitioner could not have complained even on direct appeal from the original judgment or on writ of error that the degree of homicide and the punishment were determined by the jury without having the witnesses testify before it under the provisions of Title 14, Section 317, and Title 15, Section 277, Code of Alabama. Certainly he was not entitled to relief under coram nobis. Keene v. State, 37 Ala.App. 713, 76 So.2d 180; Thomas v. State, 40 Ala.App. 697, 122 So.2d 535; Isbell v. State, ante p. 498, 169 So.2d 27.

An indictment cannot be amended except as provided by statute. Section 253, Title 15, Code of Alabama 1940; Crews v. State, 40 Ala.App. 306, 112 So.2d 805. But attempted amendment of the indictment here was not harmful to defendant. The offense of murder in the second degree was included in the original indictment. Dobbins v. State, 274 Ala. 524, 149 So.2d 814; Keel v. State, 29 Ala.App. 191, 194 So. 416.

The judgment is affirmed

Affirmed.