TYSON, Judge.
The indictment charged the appellant with the first degree murder of Lester Max Lee “by shooting him with a pistol.” The jury found the appellant guilty of murder in the second degree and fixed punishment at life imprisonment. The trial court then set sentence in accordance with this verdict and following a hearing denied appellant’s motion for new trial.
Briefly stated, this case arose from a homicide which occurred on the night of February 5-6, 1975, wherein the body of the deceased Max Lee was found in an automobile which struck the bridge on Court Street at the intersection of 1-85 in Montgomery, Alabama. Without detailing the testimony of the several police officers who participated in the investigation, it is sufficient here to say that at least one of the officers had talked with a reliable informant who knew of the whereabouts of the appellant and who had been shown to be reliable in the past and who told the officer as to the residence of the appellant Williams. Moreover, other officers had arrested the appellant in the past carrying a weapon and there was a trail of blood from the vehicle and a statement from two persons who saw á black man wobbling away from the automobile which struck the bridge as aforesaid.
A .38 caliber bullet was removed from the body of the deceased and ballistics test showed that this matched a .38 caliber pistol found in the possession of the appellant at his home several days later. Also, there was bloody clothing found at the home of the appellant and the blood on the clothing was of an A-B type as was the blood found at the scene in question. This is a rare blood type. A careful examination of the pistol in question showed that it had been rubbed or scraped against a rough or street surface. A button found at the scene matched the sweater and other buttons found at the home of the appellant. Fibers found at the scene matched the clothing found at the home of the appellant. It was established that the deceased had blood type O.
Moreover, the officers found that the appellant had been to Jackson Hospital for treatment of a fractured ankle on the date in question. The appellant was known by one of the officers to carry a .38 caliber pistol as he had been arrested on other occasions with such a weapon.
There were no powder burns on the person of the deceased. It was determined *407 that the cause of death was a pistol shot to the brain of the deceased Lee. Moreover, a holster was found in the wrecked automobile which corresponded to the weapon in question. Appellant’s defense essentially was that from persons who observed the deceased. The deceased was last seen in a newsstand in downtown Montgomery where he had been inside watching movies. The deceased had been drinking as had the appellant according to his own testimony. The deceased, according to the appellant, offered him a ride near a downtown Montgomery hotel and he got in the car and soon afterwards the deceased confronted íáim with a pistol and they began to struggle over the gun. The appellant maintained he asked the deceased to let him out and that it was only after he had seen that he was going to shoot him that he pulled his own weapon and fired. He said that the deceased was trying to drive the automobile into the bridge and that he was thrown to the back of the car by the impact and that he had to kick open the window to get out of the vehicle. The vehicle, after striking a bridge, had struck another automobile. The appellant testified that he told the physician who treated him the next day that he had “fallen off a wall and broke his ankle.” The arresting officers stated that he had a cast on his leg at the time of his arrest.
I
The appellant had filed a pretrial motion to suppress and again at trial asserted that the officers lacked probable cause to obtain the search warrant with which they entered the home of the appellant and found the pistol, and' bloody clothes. The facts above set forth clearly establish probable cause and we determine that the search warrant was properly is: sued and therefore the ruling on the motion to suppress was correct. It is clear that the officers here had probable cause. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879; Bassett v. State, 49 Ala.App. 733, 275 So.2d 713; Bates v. State, 51 Ala.App. 338, 285 So.2d 501.
II
The appellant next asserts that the record does not reflect that the jury was sworn. The minute entry in this cause reflects the following:
“This day came the State by its District Attorney and came also the defendant in his own proper person and by attorney, and the defendant having heretofore filed a waiver of arraignment and plea of not guilty, and this being the date set for the trial of said cause, the defendant now in open court announces himself ready for trial. Thereupon came a jury of good and lawful men, to-wit: Grady D. York and eleven others who having been fully empaneled and sworn according to law upon their oaths do say: ‘We the jury find the defendant guilty of murder in the second degree and fix his punishment at life in the penitentiary.’ ”
It is clear that the above showed sufficient compliance with provisions of Title 30, Section 58, Code of Alabama 1940. Peterson v. State, 74 Ala. 34.
We also note that the minute entry above quoted reflects that the appellant filed a written waiver of arraignment after consultation with counsel. This is in accordance with the provisions of Section 2, Act No. 314, Acts of Alabama, Special and Regular Sessions, 1973 Volume I. This has been approved by the Supreme Court of Alabama in Hudson v. State, 1976, 295 Ala. —, 333 So.2d 592.
III
We have examined the motion for discovery and find that those items to which the appellant was entitled were properly turned over to his counsel of record prior to trial. The balance of the remaining “scatter gun type allegations” were properly denied. Thigpen v. State, 49 Ala.App. *408 233, 270 So.2d 666; Fortenberry v. State, 55 Ala.App. 1, 312 So.2d 573.
IV
The able trial judge gave an extensive oral charge to which after extension, as requested, there was no exception. In addition, the trial judge gave 38 of the written requested charges. We have examined the remaining refused charges and determined that they were either affirmative in nature, and therefore properly refused under the evidence, or were incorrect statements of the applicable legal principles, hence their refusals were proper. Title 7, Section 273, Code of Alabama 1940.
We have carefully examined the record as required by law and find same to be free from error. The judgment of the trial court is hereby
AFFIRMED.
HARRIS, DeCARLO and BOOKOUT, JJ., concur.