BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant appeals from a denial of his petition for a writ of habeas corpus, filed in the circuit court of Mobile County. The denial of the petition was adjudicated on September 30,1976. Appellant was an indigent. He was represented at nisi prius by appointed counsel. Appellant appears pro se on appeal. No motion was filed by appellant asserting indigency on this appeal and requesting appointed counsel. The brief filed here by appellant pro se was well prepared and indicates its author had legal training.
It appears from the record on this appeal and other records of this court (of which we have taken judicial notice) that appellant was indicted in the circuit court of Mobile County for robbery and by consent of defendant a count was added thereto charging him with grand larceny. Defendant, so the judgment shows, entered a plea of guilty to this added count.
Since the added count undertook to amend the indictment, we will not consider it as an information filed pursuant to T. 15, Article 8, §§ 260-266, inclusive, p. 507, Recompiled Code 1958.
A count stating an offense not included in the indictment may not be added to the indictment even with the consent of the defendant. Such an added count has no legal efficacy. Twitty v. State, 50 Ala.App. 246, 278 So.2d 247; Rickard v. State, 44 Ala.App. 281, 207 So.2d 422; Crews v. State, 40 Ala.App. 306, 112 So.2d 805(5); Alabama Digest, Vol. 12, Indictment and Information, 191(9). T. 15, § 253, Recompiled 1958, does not authorize substantive amendments.
It is to be noted that the count added to the indictment was not a substantive departure or variance from the indictment. It was already embraced in the indictment charging the defendant with robbery. The added count was just a repetition of the embraced charge of grand larceny. This added count was referable to the charge of grand larceny in the robbery count. The plea of guilty to the added count was likewise referable to the existing accusation of larceny. Defendant suffered no injury by pleading guilty as he did. Rule 45, Alabama Rule of Appellate Procedure. The effect of what he did was to plead guilty to larceny included in the robbery count and unnecessarily duplicated in the added count.
We note in conclusion that defendant appealed the original judgment of conviction. The judgment of conviction was affirmed by this court without an opinion. Cocomise v. State, Court of Criminal Appeals Ms., 1 Div. 503, October, 1974.
The judgment of the court denying appellant’s petition for a writ of habeas corpus is affirmed.
The foregoing opinion was prepared by the Honorable BOWEN W. SIMMONS, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the judges concur.