BOOKOUT, Judge.
On March 14, 1978, the appellant, an inmate at Fountain Correctional Center, was indicted for the murder of a fellow prisoner, Hayes J. Tooson. Tooson was serving a life term for his part in the murder of Alabama football star Bobby Duke. Tooson v. State, 56 Ala.App. 613, 324 So.2d 327, cert. denied 295 Ala. 426, 324 So.2d 333 (1975). Appellant was indicted pursuant to § 13-11-1, et seq., Code of Ala. 1975, commonly known as the death penalty statute. An indictment under this statute must allege certain aggravating circumstances that are set forth therein. In the instant case, the aggravating circumstance was that the murder was committed while appellant was serving a sentence of life imprisonment.
On May 8, 1978, a motion was made by the State, in the presence of and with the consent of the appellant and his attorney, to amend the indictment by removing the aggravating circumstances, thereby charging the appellant with first degree murder under § 13-1-70, Code of Ala. 1975, instead of capital murder. The appellant pled guilty to that offense and was sentenced to life imprisonment, which under the first degree murder statute preserves the appellant’s future eligibility to be considered for parole.
An indictment cannot be amended except as provided in § 15-8-90, Code of Ala. 1975 [formerly Title 15, § 253, Code of Ala. 1940], which is as follows:
“An indictment may be amended, with the consent of the defendant entered of record, when the name of the defendant is incorrectly stated or when any person, property or matter therein stated is incorrectly described.”
Also see: Lay v. State, 42 Ala.App. 534, 170 So.2d 815 (1965). Section 15-8-90, supra, does not authorize substantive amendments. Cocomise v. State, Ala.Cr.App., 346 So.2d 496 (1977). Capital murder is a substantive offense within itself and does not include first degree murder as a lesser offense. It is expressly stated in § 13-11-2, Code of Ala. 1975, that an indictment for capital murder “shall not include any lesser offenses.”
The appellant was indicted under one Code section and sentenced under another. This was a substantial change from the indictment as returned by the grand jury and does not fall within the permissible limits of § 15-8-90, supra. See: Crews v. State, 40 Ala.App. 306, 112 So.2d 805 (1959).
REVERSED AND REMANDED.
All the Judges concur.