This appellant went to trial on a two-count indictment, one count charging him with an assault in the first degree and the other charging an assault in the second *Page 422 
degree. The jury found him guilty of assault in the second degree, a Class C felony. The court sentenced him to imprisonment for ten years, which is the maximum for a Class C felony. The indictment charged:
 "The Grand Jury of said County charge, that, before the finding of this indictment MITCHELL H. WHITE whose name is to the Grand Jury otherwise unknown than as stated,
 "1. did, with intent to cause serious physical injury to another person, cause serious physical injury to Edna Evans Legretta by severely beating her in the head with a pistol, in violation of Section 13A-6-21
of the Code of Alabama, against the peace and dignity of the State of Alabama.
 "2. Did, under the circumstances manifesting extreme indifference to the value of human life, recklessly engage in conduct which created a grave risk of death to another person and did thereby cause serious physical injury to Edna Evans Legretta by Mitchell H. White in violation of Section 13A-6-20 of the Code of Alabama,
 "against the peace and dignity of the State of Alabama."
A tripartite error in the indictment apparently first came to light immediately after a jury had been selected to try the case on October 27, 1982. The defendant had been arraigned and had pleaded not guilty on April 29, 1981, at which time he was represented by a different attorney from the attorney who represented him on the trial and now represents him on appeal by appointment of the trial court. The order on arraignment made no reference to the second count of the indictment. The order stated in part:
 "the defendant in open court on this day waived reading of the indictment in this case charging him with the offense of Assault First Degree and plead not guilty and reserved the right to file special pleas within 20 days."
Out of the presence of the jury, the following occurred:
 "MR. HARRISON [Assistant District Attorney]: At this time, the State moves to correct a clerical error in the indictment, Judge; two of them. The first is in Count Two. It should read 13A-6-21 and there is a close paren. symbol rather than the symbol 1 and it reads Section 20 rather than 21. The State would move to correct that in accord with Count One of the indictment. And secondly, Your Honor, the secretary transposed the names in both Counts of the victim. The victim's name is Edna LeGretta Evans and they have it Edna Evans LeGretta. I don't think — Both of them are clerical errors, Judge. I don't think the defendant has been prejudiced by that. He knows who the victim was. We have talked about it for quite some time.
 "MR. CLARKE [Defendant's Attorney]: Judge, I am going to object to any — trying to cure the indictment this morning. I am certainly not going to consent to it.
 "THE COURT: Well, I don't see that it has prejudiced you. You know what the charges are and what the evidence is and the mere fact that they transposed the name — Of course, I don't know why wait until the trial before correcting this thing. That indictment's been here since February, February of last year — no that's '81. Seems to me would have corrected it a long time ago but I can't see where it has prejudiced the rights of the defendant in any way. I am going to overrule your objection.
"MR. HARRISON: Thank you, Judge.
"THE COURT: I will give you an exception.
"MR. CLARKE: We take an exception, Judge.
* * * * * *
"(Jury was duly qualified and sworn.)
 "THE COURT: Now, how many of you are sitting on a jury for the first time in your life?
"(Show of hands)
 "THE COURT: I think I will give them some preliminary instruction. In this *Page 423 
case, as I have told you, Ladies and Gentlemen of the jury, the defendant here is charged with assault in the First Degree on the person of the woman that you saw in here, the lady — let me find that name — Edna LaGretta Evans. The defendant is presumed to be innocent. That's part of our Constitution and our law. All our citizens charged with violations of the law are presumed to be innocent and what that means is that a defendant doesn't have to do any thing to prove himself not guilty. He is presumed to be not guilty and that presumption of innocence afforded the defendant by law puts on the State of Alabama the burden of proving guilt and proving it beyond a reasonable doubt."
 [Thereafter the Court continued the instructions that cover approximately two pages of the transcript].
The first issue presented by appellant is thus stated in appellant's brief:
 "WHETHER THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT ALLOWED THE INDICTMENT TO BE CORRECTED OR AMENDED ON THE MOTION OF THE DISTRICT ATTORNEY PRIOR TO THE COMMENCEMENT OF THE TRIAL OVER THE DEFENDANT'S OBJECTION AND WITHOUT THE DEFENDANT'S CONSENT?"
We have quoted above all that the court reporter's transcript shows pertaining to the particular issue. Irrespective of any question as to whether the court, by its overruling defendant's objection, caused the State's motion to be allowed to correct or amend the indictment, we give attention to the question whether there was any error prejudicial to defendant in permitting the trial to proceed to the conviction of defendant notwithstanding the erroneous particulars of the indictment: (1) that Count 1, though charging an assault in the first degree as defined by § 13A-6-20, erroneously alleged that it was "in violation of Section 13A-6-21;" (2) that Count 2, though charging an assault in the second degree pursuant to the definition thereof in § 13A-6-21, erroneously stated that it was "in violation of Section 13A-6-20;" and (3) in erroneously stating in each count of the indictment that the name of the alleged victim was "Edna Evans Legretta" instead of her correct name, "Edna LaGretta Evans."
As to the incorrect designation of the applicable code section in each count of the indictment, we refer to the caption of 42 C.J.S. Indictments and Informations, § 138:
 "The statute on which the indictment or information is based ordinarily need not be specifically referred to or recited. If it is referred to, the correct statute should be designated, although a misrecital thereof generally does not affect the indictment if it states facts constituting an offense under any statute."
In Allen v. State, 33 Ala. App. 70, 30 So.2d 479, 481 (1947), cert. stricken, 249 Ala. 201, 30 So.2d 483, we find:
 "The recitals of the code sections, in view of full information of the nature of the offense disclosed in Counts 1 and 2, may in our opinion be rejected as surplusage. As stated in Harper v. U.S., 5 Cir., 27 F.2d 77, 79, `The statement that the facts violate a certain section of the statute is nothing more than the pleader's conclusion, which may or may not be correct, and neither adds nor detracts from the allegations."
According to the undisputed evidence in the case, the defendant and the alleged victim had been well acquainted with each other for approximately four years prior to the alleged crime. According to the testimony of the defendant, they had been separated about three months at the time of the alleged crime. There is nothing in the testimony of either to the effect that defendant could have been misled in anyway by the transposition in the indictment of the middle name and the last name of the alleged victim. There is nothing in the evidence to indicate any confusion on the part of the defendant as to the name and identity of the person whom he was *Page 424 
charged in each count of the indictment as having assaulted.
We are convinced that neither the two mistakes in the indictment as to the number of the section of the Code nor the mistake in naming the alleged victim was harmful in the least to defendant and that, with appropriate explanations of the mistakes, the trial could have well proceeded without any effort to amend the indictment.
Code of Alabama 1975, § 15-8-90 provides:
 "An indictment may be amended, with the consent of the defendant entered of record, when the name of the defendant is incorrectly stated or when any person, property or matter therein stated is incorrectly described."
In contending that the court committed reversible error as to the State's effort to amend or correct the indictment, appellant urges correctly, as shown by a number of cases cited by appellant, that an indictment cannot be amended except as provided in § 15-8-90, in the absence of consent of defendant, not even as to an immaterial matter. Lay v. State, 42 Ala. App. 534, 170 So.2d 815 (1965); Bester v. State, Ala.Cr.App.,362 So.2d 1282 (1978); Shiff v. State, 84 Ala. 454, 4 So. 419
(1887).
The fallacy of appellant's contention that the court erred in allowing the indictment to be amended lies in the fact that, although the court stated, "I am going to overrule your objection," the indictment was not amended. The only reference to any amendment, or any proposed amendment or correction of the indictment is to be found in that part of the court reporter's transcript that we have quoted above. There is no semblance of any reference thereto in the record proper. In the oral charge of the court to the jury, the court recited the exact language of both counts of the indictment except in the following particulars: It substituted the name of "Edna LaGretta Evans" for the name of "Edna Evans Legretta" in each count of the indictment, and substituted "Section 13A-6-20" for "Section 13A-6-21" in Count 1 and substituted "Section13A-6-21" for "Section 13A-6-20" in Count 2 of the indictment. It charged the jury that the jury could under the evidence find the defendant guilty of assault in the first degree, assault in the second degree, assault in the third degree or not guilty.
Although the ruling of the court overruling defendant's objection to the State's motion to correct the indictment may be subject to the construction placed upon it by appellant that the indictment was amended in accordance with the motion, we are persuaded that no such amendment actually occurred and that the authorities cited by appellant, as well as other authorities in accordance therewith, that hold that an indictment cannot be amended without the consent of defendant even as to immaterial matters, are not apposite. In our opinion, the action of the court as to the matter did not constitute error prejudicial to defendant.
By the only other issue presented by appellant, he contends that the court was in error in overruling defendant's motion to exclude the State's evidence, made when the State rested its case in chief. Appellant argues that there was a "failure to prove a prima facie case and specifically" that there was a failure to prove "serious physical" injury to the victim. We quote some of the testimony of the alleged victim:
 "A. He turned right on the Service Road and, I don't know, fifty foot up is when he hit me the first time. He said, `I am going to take you out in the woods and I am going to kill you.' And he had the gun in his hand between his legs as he was driving and he reached up and he hit me right here on the head (indicating). When he hit me the first time, the gun went off and shattered the passenger's side window.
 "Q. Wait a minute. He had a gun between his legs when he hit you?
 "A. No, he had it in his hand between his legs and he pulled up his hand. He kind of had it sitting in his palm. *Page 425 
". . . .
 "Q. All right. So, he said that the first time and then — how many times did he hit you?
"A. Four that I can recall.
". . . .
"Q. Did you ever make it to the hospital that night?
"A. Oh, yes.
"Q. Okay.
"A. An ambulance —
"Q. What, if anything, happened at the hospital?
 "A. An ambulance was called and they took me directly over there and I had my head sewed up. I had two holes and nine stitches; five in one and four in the other.
"Q. Okay.
"A. And I stayed —
"Q. Did you stay in the hospital?
 "A. Two hours for observation and then I called my friends and they came and got me.
"Q. All right. Went home?
"A. Yes, I went to my —
"Q. Did you miss any time from work?
"A. A week from work."
In our opinion, the testimony just quoted was sufficient to present a jury issue as to whether the alleged victim sustained "serious physical injury," and the trial court was not in error in denying defendant's motion to exclude the evidence.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.