The appellant, Bertha Talley, was convicted in the municipal court of Clanton for selling a bottle of whiskey in Chilton County, which is a dry county, in violation of § 28-4-2, Codeof Alabama (1975), and in violation of a city ordinance. The appellant then appealed her conviction to the Circuit Court of Chilton County, where she was found guilty and sentenced to six months' imprisonment and fined $500.00.
 I.
The appellant argues that the trial court erred in not quashing the city's complaint because, she says, it was vague and not specific and there was no statutory authority cited in the complaint. Appellant specifically contends that the complaint drafted by the city for the municipal court was substantially amended for appeal to circuit court. She argues that the prosecutor deleted a reference to "one (1) 375 ml. of Beams Kentucky Whiskey for $6.00" and also deleted the reference to City Ordinance 9-1 as the violated ordinance in the complaint at circuit court; moreover, she argues, in circuit court, the city proceeded under city ordinance 13-83 against the appellant. The appellant claims that she never consented to any amendments.
Rule 15.5 (a), Alabama Temporary Rules of Criminal Procedure, addresses the amendment of charges and requires that the defendant consent to the change. The Commentary to this rule refers to § 15-8-90, Code of Alabama (1975), which states: "An indictment may be amended with the consent of the defendant entered of record, when the name of the defendant is incorrectly stated or when any person, property or matter therein stated is incorrectly described." The Comment to Temporary Rule 15.5 states, "This Code section reflects the common law rule that an indictment cannot be amended, even as to immaterial matters, without the consent of the defendant, and it has been consistently held that to permit amendment without such consent is reversible error." See Styles v. State,474 So.2d 185 (Ala.Cr.App. 1985); White v. State, 448 So.2d 421
(Ala.Cr.App. 1983); Allred v. State, 393 So.2d 1030 (Ala. 1980); Lay v. State, 42 Ala. App. 534, 170 So.2d 815 (1965);Bester v. State, 362 So.2d 1282 (Ala.Cr.App. 1978); Ex parteShirley, 39 Ala. App. 634, 106 So.2d 671, cert. denied, 268 Ala. 696, 106 So.2d 674 (Ala. 1958); Shiff v. State, 84 Ala. 454,4 So. 419 (1887).
However, according to Rule 15.5 (c)(2) of the Temporary Rules of Alabama Criminal Procedure: "No charge shall be deemed invalid, nor shall the trial, judgment, or other proceedings thereon be stayed, arrested, or in any manner affected, for any defect or imperfection in the charge which does not tend to prejudice the substantial rights of the defendant upon the merits." Further, "[T]he appellant must show that such amendment was prejudicial to his substantial rights before his cause may be reversed." Styles v. State, supra, at 188. Further, a recent decision of this court has indicated "that the amendment of an indictment as to an immaterial matter is harmless error." Edwards v. State, 480 So.2d 1259, 1264
(Ala.Cr.App.), cert. denied, 480 So.2d 1264 (Ala. 1985). The amendments made to the original complaint against the appellant did not substantially prejudice her rights. *Page 1167 
"It is also the law that a code section is not an essential element of the statement of the offense in an indictment. [Citation omitted.] Our Code, Code of Alabama 1975, § 15-8-4, says that for an indictment to be fatally defective, any error therein must be prejudicial to the substantial rights of the defendant." Winston v. State, 470 So.2d 1333 (Ala.Cr.App. 1985).
 "We have recently applied Ex parte Bush, 431 So.2d 563 (Ala. 1983), to the situation of indictments and informations occurring after the effective date of Alabama Temporary Rules of Criminal Procedure, Rule 15.2. In the Bush case, our Supreme Court, per Justice Jones, stated:
 "`Miscitation of a code section does not void an indictment which otherwise states an offense; and, in the absence of a showing of actual prejudice to the defendant, reference to the erroneous code section will be treated as mere surplusage. Mays v. City of Prattville, 402 So.2d 1114, 1116 (Ala.Cr.App. 1981); Coker v. State, 396 So.2d 1094, 1096 (Ala.Cr.App. 1981); Fitzgerald v. State, 53 Ala. App. 663, 665, 303 So.2d 162 (1974); Allen v. State, 33 Ala. App. 70, 73, 30 So.2d 479, petition struck, 249 Ala. 201, 30 So.2d 483 (1947); accord, United States v. Kernington, 650 F.2d 544 (5th Cir. 1981); Theriault v. United States, 434 F.2d 212, 213 n. 2 (5th Cir. 1970), cert. denied, 404 U.S. 869, 92 S.Ct. 124, 30 L.Ed.2d 113 (1971).'" Bice v. State, 472 So.2d 440, 442 (Ala.Cr.App. 1985).
Thus, the failure to cite the correct code section in an indictment does not of itself render the indictment void, Mannv. State, 473 So.2d 1225, 1227 (Ala.Cr.App. 1985); the error must have a tendency to mislead the defendant or to leave him uncertain of the offense with which he is charged. Baker v.State, 472 So.2d 700, 702 (Ala.Cr.App. 1985). In order to be valid, an indictment must: (1) show the accused what to prepare a defense against; (2) identify the offense so that he is tried for the same charge that was brought before the grand jury; (3) protect somewhat against double jeopardy; and (4) give the court the means to accept or reject the verdict, pronounce judgment, and pass sentence. Baker v. State, supra, at 702;Bowens v. State, 309 So.2d 850 (Ala. 1975); Sanders v. State,278 Ala. 453, 179 So.2d 35 (1965). The information contained in the present indictment is sufficient to satisfy the constitutional standards.
 II.
The appellant argues that the trial court erred in not granting her motion for judgment of acquittal because of the alleged invalidity of the complaint and the city ordinance, as well as the city's failure to prove that she "had not complied with any regulation regarding said sale of alcohol." The sufficiency of the complaint has already been determined. The appellant contends that the ordinance was not properly admitted into evidence because the publisher's certificate lacked the publisher's signature. A copy of the newspaper publication, which was duly notarized, was, however, presented. In Ex parteMaxwell, 439 So.2d 715 (Ala. 1983), the appellant alleged that the State failed to prove the ordinance under which he was prosecuted. However, in Maxwell, the city ordinance was never introduced into evidence as required for the State to prove its case. Jacobs v. City of Prichard, 46 Ala. App. 497,243 So.2d 769 (1971); Thompson v. City of Sylacauga, 30 Ala. App. 72,200 So. 795 (1941); whereas, in this case the State introduced Ordinance Number 13-83 without objection from the defense. It is true that "one who relies upon an ordinance . . . must allege in some way its existence and effectiveness," and publication is essential to the effectiveness of the ordinance.Pappas v. Alabama Power Company, 270 Ala. 472, 119 So.2d 899
(1960). The appellant failed to preserve this issue for appeal. The record shows that the appellant made no objection to the introduction of the ordinance; rather, she moved for an acquittal at the close of the city's case. "[A] motion to exclude . . . will not preserve error in the admission of evidence where no timely objection has been made at the time of its admission." Snider v. State, *Page 1168 406 So.2d 1008, 1014 (Ala.Cr.App.), cert. denied, 406 So.2d 1015 (Ala. 1981). Coon v. State, 432 So.2d 558, 559 (Ala.Cr.App. 1983). "A timely objection, stating specific grounds, must be made to the introduction of the evidence. As well, a ruling on the objection must be made by the trial court." Hammes v. State,417 So.2d 594, 596 (Ala.Cr.App. 1982). The appellant cites Exparte Maxwell, 439 So.2d 715 (Ala. 1983), as support for the propriety of review under the circumstances. However, inMaxwell, the appellant moved to exclude on the following grounds: "One, that the City has failed to prove a prima facie case. Two, that the City has failed to prove each and every allegation on the indictment. Three, the City has failed to prove facts of the charge." Id. at 717. In the present case, the appellant's grounds were that there had been no proof that the sealed bottle of whiskey contained alcohol; that there had been no proof that the seal on the bottle was approved by the State of Alabama; and, that there was no showing that the appellant had no right or privilege to sell the liquor in the dry county.
Furthermore, in determining "whether the evidence was sufficient to overcome [appellant's motion] for judgment of acquittal" a court "must view the evidence in the light most favorable to the government, and draw all reasonable inferences and resolve all credibility choices in favor of the trier of fact. United States v. Pablo-Lugones, 725 F.2d 624, 625 (11th Cir.), cert. denied, 467 U.S. 1255, 104 S.Ct. 3543,82 L.Ed.2d 847 (1984)." United States v. Irvin, 736 F.2d 1489, 1491 (11th Cir. 1984). See also Faircloth v. State, 471 So.2d 485, 488-89
(Ala.Cr.App. 1984), affirmed, 471 So.2d 493 (Ala. 1985). The trial judge's denial of the motion for acquittal is not palpably contrary to the weight of the evidence, and this finding will not be disturbed on appeal. Morrison v. State,398 So.2d 730 (Ala.Cr.App. 1979), reversed, Ex parte Morrison,398 So.2d 751 (Ala. 1981), on remand, 398 So.2d 751 (Ala.Cr.App. 1981).
 III.
The appellant argues that the circuit court lacked jurisdiction because the complaint was defective; she says it was defective because it lacked substantiating facts. However, we have already determined that the complaint satisfied the constitutional criteria. Baker, supra.
 IV.
The appellant contends that the city failed to adequately prove that the chain of custody of the bottle of whiskey was not broken. The appellant bases her argument on the fact that the agent who had custody of the bottle had, before he locked it up in the evidence vault, left it in his car unattended for a short period of time. At trial, the agent testified that the bottle of whiskey was in the same condition as it was at the time of the purchase. Establishment of a chain of custody is necessary to show that evidence has not been tampered with or altered. Fleming v. State, 470 So.2d 1343 (Ala.Cr.App. 1985),cert. denied, ___ U.S. ___ , 106 S.Ct. 164, 88 L.Ed.2d 136
(1985); Harbor v. State, 465 So.2d 455 (Ala.Cr.App. 1984);cert. quashed, Ex parte Harbor, 465 So.2d 460 (Ala. 1985);Riggins v. State, 437 So.2d 631 (Ala.Cr.App. 1983). "`[T]he trial judge should consider the nature of the article and the circumstances surrounding its preservation band custody,' and permit its introduction where continuity of possession is `sufficiently established to afford ample assurances of . . . authenticity.' Washington v. State, 339 So.2d 611, 615
(Ala.Cr.App.), cert. denied, 339 So.2d 616 (Ala. 1976) (citations omitted). See also Jackson v. State [Ms. 6 Div. 767, April 9, 1985] (Ala.Cr.App. 1985)." Oliver v. State,479 So.2d 1385, 1390 (Ala.Cr.App. 1985). "`To warrant the reception of evidence against an objection that an unbroken chain of custody has not been shown, it is not necessary that it be proved to an absolute certainty, but only to a reasonable probability, that the object is the same as, and not substantially different from, the object as it existed at the commencement *Page 1169 
of the chain.'" Boggan v. State, 455 So.2d 228, 239
(Ala.Cr.App. 1984), quoting Sexton v. State, 346 So.2d 1177
(Ala.Cr.App.), cert. denied, 346 So.2d 1180 (Ala. 1977). The city sufficiently proved an unbroken chain of custody of the bottle.
 V.
The appellant contends that "the proceedings are void because the jury was never sworn prior to the commencement of the trial." However, the record shows that within the judgment of the court, the following language appears: ". . . came a jury of good and lawful men . . ., who, having heard the evidence and the charge of the court upon their oaths. . . ." This language has been held to be sufficient to show that the jury was under oath. Williams v. State, 332 So.2d 405, 407
(Ala.Cr.App. 1976).
AFFIRMED.
All the Judges concur. *Page 1367