The appellant, Clifford Ross, appeals the trial court's summary dismissal of his petition for writ of habeas corpus wherein Ross alleges that he is being unlawfully detained pursuant to a ten-year sentence for his 1984 conviction for the offense of rape in the second degree, entered on his plea of guilty. He specifically contends that this judgment is void because the trial court failed to observe the requirements of *Page 1075 
§ 15-15-22, Code of Alabama 1975, since his plea to a charge allegedly not included in the indictment was entered within three days after notice to the court of his intention to plead guilty.
For the writ of habeas corpus to apply, the judgment under which the convicted person is held must be void on its face.Sneed v. State, 157 Ala. 8, 47 So. 1028 (1908). Moreover, the jurisdiction of the court to render that judgment is the only matter that can be questioned. State v. Baker, 268 Ala. 410,108 So.2d 361 (1959). Failure to comply with the mandatory requirements of § 15-15-22 voids any judgment entered under the provisions of §§ 15-15-20 et seq. Id. 268 Ala. at 412,108 So.2d at 363.
The attorney general contends that § 15-15-22 does not apply because "it applies only to guilty pleas where an information
— not an indictment — is the basis of the charge against an accused." (Brief, p. 6, emphasis in original.) The attorney general is correct in his assertion that § 15-15-22 does not apply unless the accused desires to plead guilty to a non-capital felony charge before indictment. E.g., Terry v.State, 467 Ala. App. 296, 241 So.2d 137 (1970). However, in applying this principle to those situations wherein the defendant has been indicted for some offense, we interpret this principle to be limited by the requirement that the indictment must be the basis of the charge to which the accused pleads guilty. Clearly, Ross was not indicted for the charge to which he pleaded guilty.[1] Thus, the instant indictment could have been the basis of the charge of second degree rape, to which Ross pleaded guilty, only if the charge is a lesser included offense of first degree rape alleged in the indictment or if the indictment was amended to charge the offense of second degree rape.
The instant indictment does not encompass, as a lesser included offense, the charge of rape in the second degree.[2]
 "In the context of the offense for which the appellant was indicted, rape in the first degree requires proof that the victim is less than 12 years old while rape in the second degree requires proof that the victim is less than 16, but more than 12 years old. Therefore, rape in the second degree is not a lesser included offense of rape in the first degree, since the proof necessary to establish the offense of rape in the first degree (the greater offense) does not of necessity establish every element of the offense of rape in the second degree (the lesser offense). See Commentary to § 13A-1-9, Code of Alabama 1975. It must be impossible to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater. Sharpe v. State, 340 So.2d 885
(Ala.Cr.App.), cert. denied, 340 So.2d 889
(Ala. 1976).
 "The age factor necessarily distinguishes these two offenses and makes them separate and distinct crimes. The offenses of first and second degree rape each require proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape."
Allen v. State, 472 So.2d 1122, 1125-26 (Ala.Cr.App. 1985) (emphasis added).[3] *Page 1076 
Likewise, we reject the attorney general's argument that the indictment preferred by the grand jury was "impliedly" amended, pursuant to A.R.Crim.P. Temp. 15.5, which became effective March 1, 1983, to include the charge of rape in the second degree. The pertinent part of Rule 15.5, subsection (a), reads as follows:
 "AMENDMENT OF CHARGE. A charge may be amended by order of the court with the consent of the defendant in all cases except to change the offense or to charge new offenses not included in the original indictment, information, or complaint."
"This means that (1) a charge may only be amended with the defendant's consent and (2) a charge may not be amended where the amendment changes the offense or charges a new offense not included in the original charge." Dunn v. City of Montgomery,515 So.2d 135, 136 (Ala.Cr.App. 1987).
At common law, an indictment could not be amended as to a matter of substance without the consent of the grand jury.Crews v. State, 40 Ala. App. 306, 112 So.2d 805 (1959). This common law rule is reflected by Rule 15.5. Since § 15-8-90, Code of Alabama 1975,[4] also reflects this common law rule,Crews, and is supplanted by Rule 15.5, Edwards v. State,480 So.2d 1259 (Ala.Cr.App.), cert. denied, 480 So.2d 1264
(Ala. 1985), we find persuasive the cases decided under §15-8-90 and its predecessor, Tit. 15, § 253, Code of Alabama 1940 (Recomp. 1958).
In Crews, the appellant was indicted for the offense of burglary in the second degree, the indictment was amended by a second count charging the appellant with receiving and concealing stolen money, the appellant entered a plea of guilty to this second count, and the burglary charge was dismissed. In reversing, the court stated the following:
 "It is obvious under the facts that Amendment 37 to our Constitution, and its enabling statutory provisions, Sections 260-266 of Title 15, Code of Alabama 1940, relating to dispensing with an indictment in felony cases where an accused is awaiting a preliminary hearing, or action by a grand jury, can have no application to our consideration of the present case.
 "Under Amendment 37 of our Constitution, (amending Section 8), one can ordinarily be proceeded against for a felony only upon an indictment, Kennedy v. State, 39 Ala. App. 676, 107 So.2d 913, unless of course within the provisions of Sections 260-266, supra, above mentioned.
". . .
 "The offense of receiving and concealing stolen property, knowing the same to have been stolen is a substantive offense within itself, and differs entirely in constituent *Page 1077 
elements from the substantive offense of burglary. See Ray v. State, 126 Ala. 9, 28 So. 634.
"The attempted amendment in this case therefore constituted a change of substance in the indictment as preferred by the grand jury, and not a change of form within the permissible limits of Section 253 [, which was recodified as § 15-8-90].
 "Since under Constitutional requirements a person can be adjudged guilty of a felony only upon an indictment found by a grand jury, except under the conditions set forth in Sections 260-266, supra, the consent of the defendant to the amendment of the indictment can in no way be deemed to destroy any of those precious guarantees of liberty with which our forefathers, in their wisdom, saw fit to clothe every individual."
40 Ala. App. at 307-08, 112 So.2d at 806-07. Likewise, inHargett v. State, 54 Ala. App. 544, 310 So.2d 263, cert. denied,293 Ala. 758, 310 So.2d 264 (1975), the court relied on Tit. 15, § 263, to hold that the trial court was without authority to accept a plea of guilty to the amended charge of assault with intent to rob, where the original indictment charged assault with intent to murder, since the added charge was not a lesser or included offense of the charge in the indictment. Seealso Bester v. State, 362 So.2d 1282 (Ala.Cr.App. 1978) (wherein the court, in reversing the appellant's conviction for murder based on his plea of guilty, held that the amendment of the indictment charging capital murder, even with the appellant's consent, was not permissible under § 15-8-90).
In the instant case, the alleged amendment was improper under Rule 15.5(a). Even if we assume that Ross consented to the amendment, it is a substantial change from the indictment returned by the grand jury by charging a new offense not included in the original charge and, thus, does not fall within the permissible limits of the Rule.
The applicability of A.R.A.P. 45 to a violation of Rule 15.5 has been limited only to "the amendment of an indictment as to an immaterial matter." Edwards v. State, 480 So.2d at 1264 (emphasis in original). See, e.g., Sisson v. State,528 So.2d 1159 (Ala. 1988) (wherein the court refused to apply the harmless error doctrine to an amended charge where the defendant had not received notice of the charge he would be called upon to defend); Peoples v. State, 527 So.2d 169
(Ala.Cr.App. 1988) (wherein the court held that an amendment, though violating Rule 15.5, was harmless error where it only charged an additional description of the charge and not an additional or different offense); Dunn v. City of Montgomery
(wherein the court implicitly declined to apply the harmless error doctrine to an amendment to an information, charging a different offense); Mason v. City of Vestavia Hills,518 So.2d 221 (Ala.Cr.App. 1987) (wherein the court ruled that an improper amendment which added an alternative intent allegation was harmless). Thus, the harmless error doctrine has no applicability here.
Implicit in the attorney general's argument that the requirements of § 15-15-22 did not apply here is the assertion that § 15-15-22 is not triggered unless an information has been filed. This is true, but pursuant to § 15-15-21, when the accused makes known to the court his desire to plead guilty, the court "shall direct the district attorney . . . to prefer and file an information against such defendant, under the oath of such district attorney or some witness, which information shall accuse the defendant, with the same certainty as an indictment, of the criminal offense for which he is being held." (Emphasis added.)
Because Ross's plea of guilt does not rest upon an indictment or information, Ross's conviction and sentence are void.
 "It is well settled, at common law and from the earliest colonial days in this country, that a prosecution for a crime must be preceded by a formal accusation. Thus, a legally effective criminal prosecution requires that a formal charge be openly made against the accused by an indictment or presentment of a grand jury, or by an information of a prosecuting attorney." *Page 1078 
2 Wharton's Criminal Procedure § 225 (C.Torcia 12th ed. 1974).
 "Jurisdiction of the offense and of the person must concur to authorize a court of competent jurisdiction to proceed to final judgment in a criminal prosecution. [Citations omitted.]
 "To this end, a formal accusation sufficient to apprise the defendant of the nature and cause of the accusation is a prerequisite to jurisdiction of the offense. Const. 1901, § 6; Butler v. State, 130 Ala. 127, 30 So. 338; Miles v. State, 94 Ala. 106, 11 So. 403; 12 Cyc. 221 (VI, H).
 "Irregularities in obtaining jurisdiction of the person may be waived, but a formal accusation by indictment, or information, or complaint supported by oath is essential to complete jurisdiction, and cannot be waived. 12 Cyc. 221; Butler v. State, supra; Johnson v. State, 82 Ala. 29, 2 So. 466."
Sherrod v. State, 14 Ala. App. 57, 59-60, 71 So. 76, 78, rev'don other ground, 197 Ala. 286, 72 So. 540 (1916). See alsoAlbrecht v. United States, 273 U.S. 1, 8, 47 S.Ct. 250,252-253, 71 L.Ed. 505 (1927) (wherein the Court noted, "A person may not be punished for a crime without a formal and sufficient accusation even if he voluntarily submits to the jurisdiction of the court"); Smith v. State, 25 Ala. App. 405,407, 148 So. 858, 859-60, cert. denied, 227 Ala. 160,148 So.2d 860 (1933) (wherein the court essentially adopted the quoted language of Sherrod); Cisco v. State, 23 Ala. App. 446,446, 126 So. 610, 611 (1930) (wherein the court, in reversing a conviction for grand larceny had without an indictment, noted that "[t]his is the very teeth of section 8 of the Constitution of 1901"). (This body of law has changed to the extent that a complaint supported by oath can be waived in some instances.See City of Dothan v. Holloway, 501 So.2d 1136 (Ala. 1986)).
Section 8 of our Constitution, as amended by Amendment No. 37, requires that a felony (other than cases not pertinent here) be proceeded against by indictment, and this requirement of an indictment cannot be waived, in a felony prosecution, except under the express terms of the Amendment, when a prisoner desires to plead guilty while awaiting action of a prospective grand jury on a non-capital felony charge.Kennedy v. State, 39 Ala. App. 676, 107 So.2d 913 (1958). Seealso Annot., 56 A.L.R.2d 837 (1957) (wherein it was observed that this essential requisite of jurisdiction — an accusation charging the commission of an offense — cannot be waived; only a particular form or mode of accusation may be subject to waiver where the prosecution is based on some other permissible mode of accusation). Compare City of Dothan v. Holloway.
 "[T]he constitutional requisition of indictments generally in all cases of felony is not one conferring a mere personal privilege upon an accused person, but is so imbued with the public concern for due and proper administration of the law that no individual may waive it."
Kennedy, 39 Ala. App. at 690, 107 So.2d at 926 (discussing and adopting People ex rel. Battista v. Christian, 249 N.Y. 314,164 N.E. 111, 61 A.L.R. 793 (1928)). See also State ex rel.Baxley v. Strawbridge, 52 Ala. App. 685, 687, 296 So.2d 779,781, cert. denied, 292 Ala. 506, 296 So.2d 784 (1974). More specifically, since the jurisdiction of the court, in felony cases, rests upon the utilization of a grand jury indictment or information, the requirement of such charging instrument is not waived by a guilty plea. A voluntary and understandingly made plea of guilty waives only non-jurisdictional defects. Dinglerv. State, 408 So.2d 530 (Ala. 1981). Cf. Tinsley v. State,485 So.2d 1249, 1251 (Ala.Cr.App. 1986) (wherein the court, in following Dingler, held that "a void indictment gives the court no jurisdiction to proceed against an accused and the defect of an indictment which fails to charge an offense is not waived by a plea of guilty").
In the absence of an indictment or information upon which this prosecution should have begun, the trial court was without jurisdiction to render judgment. Woodham v. State, 28 Ala. App. 62,178 So. 464 (1938). Thus, the judgment was null and void and of no force and effect. Id. See *Page 1079 also Wesley v. State, 448 So.2d 468 (Ala.Cr.App. 1984). "[I]f a court has no jurisdiction its action is void — a condition which is the very object of habeas corpus to cure." Barbee v.State, 417 So.2d 611, 612 (Ala.Cr.App. 1982) (quoting State v.Johns, 142 Ala. 61, 38 So. 755, 755 (1905)).
Accordingly, this cause is reversed and remanded.
REVERSED AND REMANDED.
TYSON, TAYLOR and McMILLAN, JJ., concur.
BOWEN, J., concurs in result only.
[1] The indictment charged that Ross "did engage in sexual intercourse with [the victim], a female, who was less than twelve years of age, he, . . . being 16 years or older, in violation of Section 13A-6-61. . . ."
[2] Presumably, it is upon this basis that the trial court allowed Ross to plead to the offense of second degree rape, for the court noted in its judgment entry, "The District Attorney for the State of Alabama moves the Court to permit the defendant to plead guilty to the charge of Rape in the Second degree, a lesser included offense in the indictment."
[3] We note that § 13A-1-9(a)(3) offers a conceivable argument for the proposition that second degree rape is a lesser offense of first degree rape. That subdivision provides that an offense is an included one if "[i]t is specifically designated by statute as a lesser degree of the offense charged [emphasis added]."See also § 13A-1-9 Commentary. Although we have not found any case directly construing this subdivision, several cases have alluded to such a construction that might be advanced here. See, e.g., Updyke v. State, 501 So.2d 566
(Ala.Cr.App. 1986); Whirley v. State, 481 So.2d 1151
(Ala.Cr.App. 1985), writ quashed, 481 So.2d 1154 (Ala. 1986).Compare Shiflett v. State, 507 So.2d 1056 (Ala.Cr.App. 1987). However, such an interpretation would be drawn into question by such cases as Allen and Griffin v. State, 428 So.2d 213, 214
(Ala.Cr.App. 1983) (wherein the court reiterated that "[a]lthough the crimes of forgery and criminal possession of a forged instrument are divided into degrees, it is readily apparent that separate and distinct offenses are created" and that a higher degree of forgery cannot be deemed to include a lesser degree). Moreover, such a broad construction of §13A-1-9(a)(3) would affect not only the statutes defining the degrees of rape, the degrees of forgery, and the degrees of criminal possession of a forged instrument; but it would also affect the statutes pertaining to the two degrees of sodomy, differentiated by the ages of the parties; the statutes defining the two degrees of sexual abuse, also differentiated by the ages of the parties; and the statutes defining the three degrees of trespass, which are distinguished by the type of place trespassed against. We do not claim this list to be exhaustive. It merely illustrates the magnitude of the widerange ramifications of any judicial construction of subdivision (3). We also are wary of any construction that could unduly diminish the defendant's due process right to notice of the accusation against him. With these considerations in mind, we decline to abandon the clear precedent of Allen in favor of a tenuous interpretation of subdivision (3), especially when we have been offered no argument whatsoever in support of such a construction. "[I]t is the function of the parties and not of the Court to formulate the issues." Whirley, 481 So.2d at 1155 (Jones, J., special concurrence).
[4] This section provides the following: "An indictment may be amended, with the consent of the defendant entered of record, when the name of the defendant is incorrectly stated or when any person, property or matter therein stated is incorrectly described." *Page 1080 
[EDITORS' NOTE: PAGE 1080 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.]
 *Page 302