BASCHAJB, Judge,
dissenting.
I disagree with the majority opinion affirming the appellant’s conviction. The language of the indictment charged the appellant with first-degree rape, alleging that the victim was under the age of 12. However, the appellant pled guilty to second-degree rape, acknowledging that the victim was between the ages of 12 and 16. Therefore, under the facts of this case, second-degree rape was not a lesser included offense of first-degree rape. See Ross v. State, 529 So.2d 1074 (Ala.Crim.App.1988); Allen v. State, 472 So.2d 1122 (Ala.Crim.App.1985). Even though the appellant knew he was pleading guilty to second-degree rape, a defendant cannot properly consent to amending an indictment to charge an offense that is not a lesser included offense of the indicted offense. See Scott v. State, 742 So.2d 799 (Ala.Crim.App.1998); Green v. State, 619 So.2d 952 (Ala.Crim.App.1993); Ross, supra; Rule 13.5, Ala. R.Crim. P. Accordingly, the trial court did not have jurisdiction to accept the appellant’s guilty plea, and the trial court’s judgment is void. See Glover v. State, 649 So.2d 216 (Ala.Crim.App.1994); Ross, supra.
Furthermore, the majority incorrectly concludes that, under the rule set forth in Ex parte Harper, 594 So.2d 1181 (Ala.1991), cert. denied, 506 U.S. 918, 113 S.Ct. 330, 121 L.Ed.2d 248 (1992), this issue would not be preserved for our review. We have not applied the Harper rule in situations where the appellant has been convicted of an offense that is not included in the indictment. See Ford v. State, 612 So.2d 1317 (Ala.Crim.App.1992).
For the above-stated reasons, the trial court’s judgment is void and should be reversed. Accordingly, I must respectfully dissent.