The appellant, Steven Dewayne Fleming, appeals from his conviction for first-degree receiving stolen property, § 13A-8-17(a)(1), Ala. Code 1975. This conviction was based on Fleming's guilty plea, entered pursuant to a plea-bargain agreement. For this conviction, Fleming, having one prior felony conviction, was sentenced to a split sentence of 20 years; he was ordered to serve 5 years' incarceration followed by 5 years' probation. He was also ordered to pay court costs, attorney fees, $50 as a crime victims' assessment, and restitution to the victim of $1,100.
On appeal, Fleming raises three issues regarding the trial court's summary denial of his motion to withdraw his guilty plea. However, we cannot address these issues because, on the face of the record submitted to this court, we conclude that the trial court was without jurisdiction to accept Fleming's plea and, thus, that Fleming's conviction is void.See Howard v. State, 710 So.2d 456, 458 (Ala.Crim.App. 1996) (this court recognized that, although the issue was not raised below or on appeal, this court was required to reverse for the trial court's lack of jurisdiction to accept a guilty plea to an offense not included in the indictment), aff'd, 710 So.2d 460 (Ala. 1997).
Fleming had been indicted for first-degree theft of property, §13A-8-3, but pursuant to the plea agreement, the State "amended" the indictment to charge first-degree receiving stolen property instead. This amendment was improper. Rule 13.5(a), Ala.R.Crim.P., prohibits any amendment to change the offense or to charge a new offense not contemplated in the original indictment.[1] See also Ford v. State,612 So.2d 1317 (Ala.Crim.App. 1992); Ross v. State, 529 So.2d 1074
(Ala.Crim.App. 1988). See, e.g., Green v. State, 619 So.2d 952
(Ala.Crim.App. 1993) (an indictment charging burglary cannot be amended to charge the offense of receiving stolen property, because the latter offense is not a lesser included offense of burglary).
The offense of first-degree receiving stolen property is not encompassed within the offense of first-degree theft charged in the indictment. They are separate and distinct offenses. See White v. State,383 So.2d 888 (Ala.Crim.App. 1980) (the offense of larceny and the offense of receiving stolen property are distinct and separate offenses); 52A C.J.S. Larceny § 5 (1968) (larceny and receiving stolen *Page 312 
property are separate and distinct offenses and not degrees of the same offense).
Fleming was convicted of an offense for which he had not been indicted. This failure was a failure of an essential requisite of jurisdiction; the requirement that the offense be properly charged in an indictment was not waived by Fleming's guilty plea. See Glover v. State,649 So.2d 216, 218 (Ala.Crim.App. 1994); Ross.
Because the trial court did not have jurisdiction to accept Fleming's guilty plea, the trial court's judgment is void.
Accordingly, the appeal is dismissed and the trial court's judgment vacated.
The foregoing opinion was prepared by Retired Appellate Judge John Patterson while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e).
APPEAL DISMISSED; JUDGMENT VACATED.
McMillan, P.J., and Cobb, Baschab, Shaw, and Wise, JJ., concur.
[1] See also Form 64, Ala.R.Crim.P., the form for a motion for leave to amend the charge, which includes the following statement: "This amendment would not result in the charge of any additional or different offense against the defendant . . . ."