Marvin M. McMillian appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1987 guilty-plea convictions for two counts of receiving stolen property in the second degree and his resulting sentences of three years' imprisonment for each conviction; the sentences were suspended and McMillian was ordered to serve three years' supervised probation. McMillian did not appeal his convictions or his sentences.
McMillian filed the present petition on October 17, 2002,[1] claiming that the trial court lacked jurisdiction to accept his pleas or to impose the sentences because, he said, receiving stolen property in the second degree is not a lesser-included offense of theft of property in the second degree, the offense for which he was indicted.
The State filed a response, and on December 17, 2002, the circuit court denied McMillian's Rule 32 petition. In February 2003, McMillian wrote the circuit clerk's office to inquire about the status of his Rule 32 petition and was advised that the circuit court had denied his petition on December 17, 2002. On March 7, 2003, McMillian filed a notice of appeal from the denial of his Rule 32 petition. However, this Court dismissed that appeal as untimely filed.
Thereafter, McMillian filed a petition for a writ of mandamus with this Court requesting that we grant him an out-of-time appeal from the denial of his Rule 32 petition because, he said, he had not received timely notice of the denial of his petition. The State conceded that the notice was mailed to an incorrect address. In an order dated July 28, 2004, this Court granted McMillian's petition for a writ of mandamus and directed the circuit court "to set aside [its] December 2002 order denying McMillian's Rule 32 petition and to reissue the order and send prompt notification to McMillian so that McMillian may file a timely notice of appeal." (C. 111.) The circuit court complied, and McMillian filed a timely notice of appeal.
On appeal, McMillian continues to argue that his convictions for two counts of *Page 864 
receiving stolen property in the second degree are due to be reversed because, he says, "[t]he trial court was without jurisdiction to accept [his] guilty plea[s] because under the facts of this case, second-degree receiving stolen property is not a lesser-included offense encompassed in the indictment." (McMillian's brief at p. 9.) The State concedes that McMillian's convictions are due to be reversed because the trial court did not have jurisdiction to accept the pleas to two counts of receiving stolen property in the second degree when McMillian had been indicted for two counts of theft of property in the second degree.
In Fleming v. State, 814 So.2d 310 (Ala. Crim.App. 2001), this Court stated:
 "The offense of first-degree receiving stolen property is not encompassed within the offense of first-degree theft charged in the indictment. They are separate and distinct offenses. See White v. State, 383 So.2d 888 (Ala.Crim. App. 1980) (the offense of larceny [now theft] and the offense of receiving stolen property are distinct and separate offenses); 52A C.J.S. Larceny § 5 (1968) (larceny and receiving stolen property are separate and distinct offenses and not degrees of the same offense).
 "Fleming was convicted of an offense for which he had not been indicted. This failure was a failure of an essential requisite of jurisdiction; the requirement that the offense be properly charged in an indictment was not waived by Fleming's guilty plea. See Glover v. State, 649 So.2d 216, 218 (Ala.Crim.App. 1994); Ross [v. State, 529 So.2d 1074 (Ala.Crim.App. 1988)]."
814 So.2d at 311-12.
Because receiving stolen property is not a lesser offense included within the offense of theft of property, McMillian is entitled to the relief he seeks. Therefore, the circuit court's summary denial of McMillian's Rule 32 petition is reversed and the cause is remanded for the circuit court to grant McMillian's Rule 32 petition and to vacate McMillian's two convictions for receiving stolen property in the second degree.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] "The proper procedure for challenging the validity of prior felony convictions used for enhancing a sentence under the Habitual Felony Offender Act is to file a Rule 32, Ala.R.Crim.P., petition in the court of conviction for the conviction being challenged." Sturdivant v. State, 643 So.2d 1013, 1014
(Ala.Crim. App. 1993). See also McHarris v. State,623 So.2d 400 (Ala.Crim.App. 1993); and Crum v. State, 611 So.2d 495
(Ala.Crim.App. 1992).
 *Page 219