The appellant, Carnell Joseph Edmond, appeals from the summary denial of his Rule 32, Ala. R.Crim. P., postconviction petition challenging his 1995 guilty-plea conviction for second-degree receiving stolen property and the resulting sentence of three years in the penitentiary; that sentence was suspended and Edmond was ordered to serve three years on probation.[1]
Edmond did not appeal that conviction.
On appeal, Edmond raises the following claims:
 1) That the Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.
 2) That judgment was obtained by plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of charge and the judgment of said charge.
 3) That his conviction was obtained by the unconstitutional failure of the prosecution to disclose to Edmond evidence favorable to him. *Page 610 
 4) That the court was without jurisdiction to render the judgment or to impose the sentence.
 5) That the sentence imposed exceeds the maximum authorized by law.
 6) That newly discovered material facts exist that require that the conviction and sentence be vacated.
 7) That Edmond failed to appeal within the prescribed time and that failure was without fault on his part.
 8) That Edmond's conviction was the result of ineffective assistance of counsel at the guilty plea hearing and at sentencing.
 9) That Edmond's Rule 32 petition was denied by the trial court without ruling or adjudication on or upon each of the merits raised in his petition.
The circuit court's order denying Edmond's Rule 32 petition reads in relevant part:
 "3. The Court having read [Edmond's] petition and having considered the State of Alabama's response thereto, and taking judicial notice of its files, case action summaries, and indictments, makes the following findings of fact:
 "a) [Edmond] raises no new issues that could not have been raised on direct appeal.
 "b) [Edmond] raises no newly discovered facts or issues which would toll the statute of limitations contained in Rule 32.2(c).
 "c) [Edmond] raises no valid issues that would preclude this Court from having jurisdiction to impose the sentence listed above. The sentence does not exceed the maximum allowed by law.
 "d) [Edmond] raises no other issues in his petition for which relief can be granted. Rule 32.7(d)."
Because Edmond's Rule 32 petition was filed outside the statutory period of limitations provided in Rule 32.2(c), the only claims that can be considered are those that are jurisdictional. The only jurisdictional claims he raises are claims 4, 5, and 6 above.
Claims 6, alleging newly discovered evidence, is without merit. Edmond claims that he was recently made aware by his "inmate paralegal" that he was illegally and unconstitutionally convicted and sentenced. Clearly, this allegation does not meet any requirement of newly discovered evidence. See Banks v.State, 845 So.2d 9, 16 (Ala.Crim.App. 2002).
Claims 4 and 5 allege that the trial court lacked jurisdiction to accept the appellant's guilty plea and that his sentence exceeds the maximum authorized by law. Edmond argues that although he was indicted for first-degree theft, the trial court incorrectly allowed him to plead guilty to receiving stolen property in the second degree. Because receiving stolen property in the second degree is not a lesser-included offense of first-degree theft, see McMillian v. State,905 So.2d 862 (Ala.Crim.App. 2005), this cause must be remanded for the circuit court to determine whether Edmond's allegation is true. The return to remand to this court shall contain a copy of the indictment along with any proceedings conducted by the trial court and shall be filed within 56 days of the date of this opinion.
REMANDED WITH DIRECTIONS.*
COBB, BASCHAB, SHAW, and WISE, JJ., concur.
[1] Edmond is currently serving a life sentence on another conviction.
* Note from the reporter of decisions: On August 18, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On September 8, 2006, that court denied rehearing, without opinion. On October 13, 2006, the Supreme Court denied certiorari review, without opinion (1051808). *Page 611