108 So.2d 361

**STATE of Alabama**

v.

**John Norman BAKER.**

8 Div. 893.

Supreme Court of Alabama.

Jan. 8, 1959.

John Patterson, Atty. Gen., and George Young, Asst. Atty. Gen., for appellant.

Guin & Guin, Russellville, for appellee.

COLEMAN, Justice.

John Norman Baker, appellee, being accused of distilling and illegal possession of a still, was found guilty and sentenced to imprisonment in the penitentiary for one year and one day by a judgment entry reciting in pertinent part as follows:

| "State of Alabama | Circuit Court |
| --- | --- |
| vs. No. 8766 | Charge: Distilling and Illegal Possession of a Whiskey Still |
| John N. Baker | |
| | October 20, 1956 |

"On this October 20, 1956, comes the State of Alabama by *it*'s Solicitor, and comes also the defendant in his own proper person in open court, and it appearing to the court that the defendant was arrested and charged with the above named offense on September 12, 1956, and that he having this day given notice of his intention to plead guilty prefer an Information against the defendant and that his case is set for hearing before the court for Saturday October 20, 1956, for a hearing of a plea of guilty on the said Information to be filed by the Solicitor, which is not sooner than 15 days after his arrest for. the said offense.

"Now on this October 20, 1956, comes * * * the Solicitor who prosecutes for the State of Alabama and comes also the defendant John N. Baker in his own proper person, and the defendant, who being duly arraigned upon said Information in open court for his plea thereto says that he is guilty in manner and form as charged in the Information. And the same being considered by the court; it is therefore considered and adjudged by the court that the defendant is guilty as charged in the said Information, and that the State of Alabama for the use of Franklin County have and recover of the Defendant all costs incurred in this prosecution."

By order also dated October 20, 1956, sentence was suspended and appellee placed on probation for one year. Thereafter, on December 21, 1956, probation was revoked. In accordance with the order of revocation, appellee was taken into custody by the sheriff. Appellee then applied to the Judge of the Circuit Court of Franklin County for writ of habeas corpus. The judge to whom application was made, who also entered the judgment now appealed from is not the same judge who rendered the judgment of October 20, 1956.

The sheriff's return to the writ recites that appellee was held under authority of the judgment of October 20, 1956, and the subsequent order of December 21, 1956.

On hearing the petition for the writ, the judge determined that appellee was illegally imprisoned and ordered him discharged from custody "without being required to serve the sentence previously imposed by the Circuit Court of this county." From this last judgment the State has appealed.

Appellee's motion to dismiss the appeal is denied.

On the merits, the State argues that an attempt to impeach a judgment by habeas corpus is a collateral attack, and, because it is a collateral attack the petitioner must show that the judgment is void, and that mere errors and irregularities are not available by such process.

The purported judgment of October 20, 1956, appears to have been entered under provisions of §§ 260–266, Title 15, Code 1940. § 266 provides that after sentence as provided for by those Code sections, " * * * such defendant shall not have the right of appeal from the action of the court."

The petition in the instant case was addressed to the circuit judge, as distinguished from the court, and we consider the petition as being brought under Title 15, § 1 et seq.; Kirby v. State, 62 Ala. 51.

Of such statutory proceedings this court has said:

"The writ is not revisory, answering the purpose of an appeal, and will not lie to correct errors or irregularities in the judgment of courts of superior or inferior jurisdiction. To entitle the prisoner to the writ and discharge under such judgment, it must be, not merely voidable, but void for an excess of jurisdiction on the face of the proceedings. When, therefore, the judgment or sentence of another court is returned, as the cause of the prisoner's detention or imprisonment, the jurisdiction of the court to render that judgment is the only matter that can be inquired into, and mere irregularities or errors in the proceeding are not available. Ex parte Bizzell, 112 Ala. 210, 21 So. 371." Bray v. State, 140 Ala. 172, 177, 37 So. 250, 251; Ala. Digest, Habeas Corpus, ☞96.

We are of opinion that the judgment of October 20, 1956, is void because the judgment entry itself affirmatively shows that the statutory requirements were not complied with in the following particular: § 263, Title 15, recites as follows:

"When such information has been filed as provided in this article, and counsel employed or appointed, the court shall, by order entered upon the minutes of the court, fix a date for the defendant to formally make and enter his plea of guilty in open court, *which date shall not be* within fifteen days after the arrest of the defendant nor *within three days after notice to the court of his intention to plead guilty* and notice of which date shall be served by the sheriff upon the defendant and upon his counsel." (Emphasis supplied.)

The judgment of October 20th recites in pertinent part as follows:

"On this October 20, 1956, * * * comes also the defendant * * * and that he having this day given notice of his intention to plead guilty * * *."

We interpret that statement to mean that defendant gave notice of his intention on October 20, the same day on which the judgment finding him guilty was entered. This is contrary to the statute. We are of opinion that the legislative intent was to require the giving of notice three days before the plea of guilty could be received, and that the plea could not be made "within three days after notice."

The State argues that this provision is directory and not mandatory. We note that the three-day restriction appears in the statute, in the same clause with and directly after, the provision which prohibits receiving the plea of guilty within fifteen days after arrest.

Amendment XXXVII to the Constitution, which is the basis of legislative authority to dispense with indictments in certain felonies, recites "* * * the defendant cannot plead guilty within fifteen days after his arrest." We do not think it will be seriously contended that the fifteen-day provision is not mandatory. Clearly the

amendment undertakes to require that fifteen days shall elapse after arrest before an indictment can be dispensed with and a plea of guilty received. It is reasonable to presume that the legislature, in adding the additional requirement for three days' notice, intended to place the three-day provision on the same plane as the fifteen-day provision beside which the three-day provision appears.

In 1939, shortly after passage of Act No. 227, 1939 Acts, page 367, which is now §§ 260–266, Title 15, Code 1940, the Attorney General rendered an opinion reciting in pertinent part as follows:

"The constitutional amendment for which Act No. 227 is the enabling act, was in this state, a complete departure in felony cases. By the amendment, the legislature was authorized to pass legislation by which the defendant was allowed to waive that which had heretofore been considered a fundamental right, to wit, the indictment by a grand jury. The legislature in the drafting of the enabling act has sought in plain and unambiguous language to provide each defendant with a panoply of certain safeguards to insure, insofar as legislation may do, that every defendant will be given sufficient time to weigh the eventualities of his guilty plea and to prevent, if possible, pleas of guilty induced by over-zealous activities on the part of law enforcement officials.

"It was in this spirit, therefore, that the three-day provision was inserted in the act. To hold that the defendant may waive such provision would be to defeat the very purpose of the proviso." Quarterly Report of Attorney General, Vol. 17, October 1, 1939—December 31, 1939, 332, 333.

Being clear to the view that the judgment of October 20, 1956, is void for the reason stated, we pretermit consideration of other matters appearing of record which might also be held to invalidate that entry. The judgment being void, the circuit judge to whom the application for the writ was addressed correctly held that appellee was illegally imprisoned and ordered him discharged from custody.

Affirmed.

LAWSON, SIMPSON, and GOODWYN, JJ., concur.