197 So.2d 782

**James T. PATRICK**

v.

**STATE.**

**1 Div. 79.**

Court of Appeals of Alabama.

March 28, 1967.

Rehearing Denied April 18, 1967.

Alton R. Brown, Jr., Mobile, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

**JOHNSON, Judge.**

On March 5, 1964, petitioner filed a petition for writ of error coram nobis in the Circuit Court of Mobile County and on May 21, 1965, this petition was denied. Hence, this appeal.

Appellant contends, and the record reflects, that on May 29, 1951, he was sentenced to the penitentiary by the Circuit Court of Mobile County, Alabama, Criminal Division on five individual cases of forgery, to-wit, Cases No. 12179, 12180, 12181, 12182 and 12183; and that such sentences were void because the date thereon was less than fifteen days after the date of his arrest for such offenses and, therefore, in violation of Code of Alabama, 1940, Tit. 15, Sec. 263. The record further reflects that he was not charged with these crimes until May 17, 1951, and that the warrants for his arrest were not issued until such date.

Amendment XXXVII, Constitution of Alabama, 1901, states, " * * * the defendant cannot plead guilty within fifteen days after his arrest." Tit. 15, Sec. 263, 1940 Code of Alabama, states:

"Formal plea of guilty; notice.—When such information has been filed as provided in this article, and counsel employed or appointed, the court shall, by order entered upon the minutes of the court, fix a date for the defendant to formally make and enter his plea of guilty in open court, *which date shall not be within fifteen days after the arrest* of the defendant nor within three days after notice to the court of his intention to plead guilty and notice of which date shall be served by the sheriff upon the defendant and upon his counsel." (Emphasis ours.)

Tit. 15, Sec. 261, 1940 Code of Alabama, reads as follows:

"When the desire of a defendant to plead guilty is made known to the court, it shall direct the solicitor or other prosecuting officer of such court to prefer and file an information against such defendant, under the oath of such solicitor or other prosecuting officer, or some witness, *which information shall accuse the defendant, with the same certainty as an indictment,* of the criminal offense for which he is being held." (Emphasis ours.)

We find in State v. Baker, 268 Ala. 410, 108 So.2d 361, where the State argues that the "three day" provision is directory and not mandatory, that Justice Coleman, speaking for the Supreme Court of Alabama, states:

"We do not think it will be seriously contended that the fifteen-day provision is not mandatory. Clearly the amendment undertakes to require that fifteen days shall elapse after arrest before an indictment can be dispensed with and a plea of guilty received. It is reasonable to presume that the legislature, in adding the additional requirement for three days' notice, intended to place the three-day provision on the same plane as the fifteen-day provision beside which the three-day provision appears."

It is clear to us, from the above, that it is the intent of the law that the inception or beginning of the fifteen-day provision be computed from the date of the arrest of the defendant for the offense or offenses with which he is charged and to which appellant pled guilty. The fifteen-day provision herein referred to is mandatory and must be strictly complied with.

The judgment of the lower court is reversed and the petitioner is hereby ordered discharged in this proceeding.

CATES, J., concurs in result only.