McMILLAN, Judge.
This is an appeal from a denial of a Rule 20, A.R.Cr.P.Temp., petition, in which the appellant alleged that he was not given proper notice of the date to formally make and enter his plea. The appellant had been arrested and charged with first degree rape and, thereafter, pursuant to a plea bargain agreement, the charge was reduced to first degree sexual abuse. On August 19, 1988, the appellant gave notice to the court of his intent to plead guilty. On September 1, 1988, 13 days later, the appellant pleaded guilty to first degree sexual abuse and was sentenced to 10 years in the state penitentiary, to run concurrently with the sentence imposed in another case.
On July 6, 1989, the appellant filed a petition for writ of habeas corpus, alleging that there was no record of any notice given to the sheriff to serve on the appellant, and no record of any notice given to defense counsel, as required by § 15-15-22, Code of Alabama 1975. The district attorney filed a motion to dismiss the appellant’s petition, and a hearing was held on the matter. During the hearing, defense counsel testified that no notice was ever given by the sheriff; however, he further testified that he and the appellant were both on “actual notice” of the proceedings. Defense counsel testified that the date which was set for entering the plea “would have been set at our [the appellant and the defense counsel’s] request arranged first with the judge, and then you [the prosecutor] would have been notified.” The prosecutor stipulated that there was no written notice. The trial court found that the hearing date had been mutually agreed upon by the appellant, the court, and the prosecutor. He further stated that the appellant could have objected to his failure to receive written notice, but did not, and, therefore, had waived any and all procedural rights. The trial court also held that the appellant suffered no prejudice and that there was no error.
Section 15-15-22 reads:
“When an information has been filed as provided in Section 15-15-21 and counsel employed or appointed, the court shall, by order entered upon the minutes of the court, fix a date for the defendant to formally make and enter his plea of guilty in open court, which date shall not be within 15 days after the arrest of the defendant nor within three days after notice to the court of his intention to plead guilty, and notice of such date shall be served by the sheriff upon the defendant and upon his counsel.”
The appellant argues that the clear language of the statute requiring that the sheriff give notice is mandatory and, although he concedes that he was given actual notice by the trial court, he argues that his rights to due process were violated and that the judgment was void. State v. Baker, 268 Ala. 410, 108 So.2d 361 (1959) (defendant had given notice of his intention to plead guilty on the same day on which the judgment finding him guilty was entered; the mandatory 15-day provision was not complied with and the judgment was void).
*502 According to § 36-22-2, Code of Alabama 1975, one of the duties of the sheriff is “[t]o execute and return the process and orders of the courts of record of this state and officers of competent authority with due diligence when delivered to him for that purpose, according to law.” The language in § 15-15-22 requiring that notice of the date of entry of plea be served by the sheriff upon the defendant and his counsel is included so as to ensure that the defendant will have proper notice of the date for entry of the plea and to ensure “ ‘that every defendant will be given sufficient time to weigh the eventualities of his guilty plea and to prevent, if possible, pleas of guilty induced by overzealous activities on the part of law enforcement officials.’ ” State v. Baker, 268 Ala. 410, 413, 108 So.2d 361, 364 (1959), quoting Quarterly Report of Attorney General, Vol. 17, October 1, 1939 — December 31, 1939, 332-33. Because the sheriffs duty to execute orders of the court is a matter of judicial efficiency and is imposed in order to assure that the trial court’s orders are received; however, the appellant had actual notice of the date for entry of his plea; and because the legislature’s intent in enacting the statute was fulfilled, we find no error. Cf. Young v. State, 552 So.2d 879 (Ala.Cr.App.1989) (in which the initial steps stated in the statute establishing a procedure by which the Board of Pardons and Paroles can issue a warrant for the arrest of a probationer were not followed because the probationer was already in lawful custody as the result of another proceeding).
AFFIRMED.
All the Judges concur, except BOWEN, J., who concurs in result only.