BOWEN, Judge.
Steve D. Pugh was convicted of violating the zoning laws of Jefferson County “by renting out an existing garage apartment and travel trailer” located at his residence in a single family residential zone in violation of Act No. 344, 1947 Ala.Acts 217, and Act No. 634, 1951 Ala.Acts 1089. His sentence of ten days’ hard labor was suspended for 12 months upon the conditions that he require his tenants to vacate and that he stop advertising his property for rent.
I
Section 2 of Act No. 634 provides in pertinent part:
“It shall be unlawful to ... use or occupy any building ... in violation of any regulation in ... any zoning resolution ... enacted or adopted by the governing body of such county under the authority of this Act. Any person ... violating any such regulation ... shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not more than One Hundred ($100.00) Dollars or imprisoned not more than ten days, or both.... Provided, however, that prior to the criminal prosecution the County Building Commissioner shall give written notice stating the rule or regulation being violated and notifying the person ... to cease and desist within ten (IQ) days from receipt of said notice, otherwise said person will be prosecuted as provided for herein. All written notice shall be by registered mail return receipt requested.” (Emphasis added.)
The appellant argues that the complaint failed to state an offense because it did not allege that the County Building Commissioner gave him the written notice required by the emphasized portion of the act. He also maintains that the prosecution did not present a prima facie case because it presented no evidence that the required written notice was given.
We reject both arguments because we construe the emphasized portion of the act to be a proviso which need not be pleaded or proved, but which is a matter of defense.
“The general rule as to exceptions, provisos, and the like, is that where the exception or proviso forms a portion of the description of the offense, so that the ingredients thereof cannot be accurately and definitely stated if the exception is omitted, then it is necessary to negative the exception or proviso. But where the exception is separable from the description, and is not an ingredient thereof, it need not be noticed in the accusation; for it is a matter of defense.”
Hall v. State, 291 Ala. 397, 400, 281 So.2d 662, 665 (1973). “One who claims the benefit of an exception from the prohibition of a statute has the burden of proving that his claim comes within the exception.” 2A N. Singer, Sutherland Statutory Construction, § 47.11 at 145 (Sands 4th ed. 1984), quoted in Hawkins v. State, 549 So.2d 552, 559 (Ala.Cr.App.1989) (Bowen, J., concurring). “It is well established that the burden is upon the appellant to establish and bring himself within any exclusion which is found not in the enacting clause defining a crime but rather in a subsequent clause or statute.” Dickerson v. State, 414 So.2d 998, 1002 (Ala.Cr.App.1982).
Here, the proviso setting out the notice requirement did not “form a portion of the description of the offense” and the *1285 ingredients of the offense could be “accurately and definitely stated if the exception [were] omitted.” Therefore, the prosecution was not required to allege or prove compliance with the notice provision of the act. Instead, the appellant had the burden of proving that he did not receive notice and that his prosecution was thereby barred. The appellant waived the issue by raising it for the first time in his motion for new trial. Although the sufficiency of the evidence is preserved for appellate review by the timely filing of a motion for new trial, Gosha v. State, 389 So.2d 563, 567 (Ala.Cr.App.1980); Rule 20.3, A.R.Cr.P., compliance with the proviso of Act No. 634, not being part of the prosecution’s prima facie case, did not present a sufficiency issue.
Moreover, any procedural flaw arising from the lack of written notice to the appellant from the County Building Commissioner was error without injury because the appellant received actual notice, both oral and written, of the zoning law violation from Wilbur J. Lucas, zoning inspector for the County Zoning Enforcement Inspection, Land Development Office. The appellant, in fact, applied for a variance and appeared before the Jefferson County Board of Zoning Adjustment where his application was denied. Cf. Vaughn v. State, 588 So.2d 500 (Ala.Cr.App.1990) (wherein this Court held that accused’s failure to be served by the sheriff with notice of the date for pleading to an information was harmless in light of the fact that he was given actual, oral notice by the trial judge).
II
The appellant also contends that the zoning acts and regulations under which he was convicted are unconstitutionally void for vagueness. This contention has no merit. The acts and regulations are specific, definite, and leave no room for doubt that the appellant’s conduct was covered thereunder.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.