797 So.2d 409 (2000)
Ex parte Michael Rene PARDUE.
(Re Michael Rene Pardue v. State).
1980254.
Supreme Court of Alabama.
March 10, 2000.
Dissenting Opinion on Overruling of Rehearing May 12, 2000.
Bruce M. Berman and Sara Needleman Kline of Wilmer, Cutler & Pickering, Washington, D.C.; and E. Barry Johnson of Sirote & Permutt, P.C., Birmingham, for petitioner.
Bill Pryor, atty. gen., and Robin Blevins, asst. atty. gen., for respondent.
COOK, Justice.
Michael Rene Pardue was arrested and charged with robbery on July 28, 1978. On August 15, 1978, through his counsel, Pardue filed notice with the district court of his intention to enter a guilty plea. The district court accepted Pardue's plea on August 18, 1978, and entered a judgment of conviction.[*] The district court then *410 sentenced Pardue to 10 years in prison. Pardue did not appeal his conviction. On October 5, 1997, Pardue filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief in Mobile County. The petition was denied and Pardue appealed to the Court of Criminal Appeals. On August 14, 1998, the Court of Criminal Appeals affirmed the denial of the petition, without opinion. Pardue v. State, 741 So.2d 485 (Ala.Crim. App.1998) (table).
We granted Pardue's petition for certiorari review. He asks this Court to reverse the judgement of the Court of Criminal Appeals. He argues that his conviction and sentence were improper, contending that the district court had lacked jurisdiction to accept his plea, because of the provisions of § 15-15-22, Ala.Code 1975.
Section 15-15-22 states:
"When an information has been filed as provided in Section 15-15-21 and counsel employed or appointed, the court shall, by order entered upon the minutes of the court, fix a date for the defendant to formally make and enter his plea of guilty in open court, which date shall not be within 15 days after the arrest of the defendant nor within three days after notice to the court of his intention to plead guilty, and notice of such date shall be served by the sheriff upon the defendant and upon his counsel."
We must answer this question: Do the three days referred to in § 15-15-22 begin to run on the day notice is given to the court (i.e., is the day notice is given the first day of the three days), or is the first day of that three-day period the day after notice is given to the court? If the three-day period begins on the day after notice is given, then we must consider whether the court may accept the plea on the third day.
In answering these questions, we are guided by long-established precedent. In Headen v. Headen, 171 Ala. 521, 530, 54 So. 646, 649 (1911), for example, this Court stated:
"The rule is well settled that in the computation of time from an act done, the day of performance is to be excluded (Lang v. Phillips, 27 Ala. 311); and `where it is provided that an act can be done after the expiration of so many days from an act or event, the act cannot be done until the prescribed number of entire days has expired, exclusive of the terminus a quo' (28 Am. & Eng. Ency. Law, p. 221)."
Thus, the first day of the three-day period was August 16, the day after Pardue gave notice to the court; the third day of the period was August 18.
Now, we must consider whether the district court could properly accept Pardue's plea on August 18, that third day. We conclude that it could not.
Headen states that "where it is provided that an act can be done after the expiration of so many days from an act or event"and this is the situation provided for by the three-day rule of § 15-15-22 "the act cannot be done until the prescribed number of entire days has expired." 171 Ala. at 530, 54 So. at 649.
The State cites State v. Baker, 268 Ala. 410, 108 So.2d 361 (1959), and Patrick v. State, 43 Ala.App. 620, 197 So.2d 782 (1967), in support of its argument that the day a defendant gives notice of an intent to plead guilty should be counted in the computation of the three days. Using that approach, the State argues that Pardue entered his guilty plea on the fourth day. *411 Neither of those cases, however, supports the State's argument.
In Baker, the defendant pleaded guilty on the same day he gave notice that he intended to plead guilty. This Court concluded that the guilty plea was not entered in accordance with the statute. The Court also addressed the State's argument that the statute was not mandatory, but directory:
"Amendment XXXVII to the Constitution, which is the basis of legislative authority to dispense with indictments in certain felonies, recites `... the defendant cannot plead guilty within fifteen days after his arrest.' We do not think it will be seriously contended that the fifteen-day provision is not mandatory. Clearly the amendment undertakes to require that fifteen days shall elapse after arrest before an indictment can be dispensed with and a plea of guilty received. It is reasonable to presume that the legislature, in adding the additional requirement for three days' notice, intended to place the three-day provision on the same plane as the fifteen-day provision beside which the three-day provision appears."
Baker, 268 Ala. at 412-13, 108 So.2d at 363.
In Patrick, the defendant was charged on May 17, 1951, and warrants for his arrest were issued that date. The defendant was arrested, and on May 29, 1951, the 12th day after the warrants had been issued, the defendant, after having pleaded guilty, was sentenced. The Court of Appeals reasoned:
"It is clear to us, ... that it is the intent of the law that the inception or beginning of the fifteen-day provision be computed from the date of the arrest of the defendant for the offense or offenses with which he is charged and to which appellant pled guilty. The fifteen-day provision herein referred to is mandatory and must be strictly complied with."
Patrick, 43 Ala.App. at 621, 197 So.2d at 783.
Neither Baker nor Patrick determines which days are counted as the first day and the last day of the 15-day period dealt with in those two cases. Neither case helps in determining the meaning of the statutory language involved in the present case, language stating that a plea of guilty shall not be taken "within three days after notice to the court of [a defendant's] intention to plead guilty."
Pardue argues that the statute requires that three full 24-hour days pass between the date a defendant gives notice of an intention to plead guilty and the day on which his guilty plea is taken. We agree. The word "within," as it is used in the statute, is defined by Merriam Webster's Collegiate Dictionary (10th ed.1997) as "a function word [used] to indicate enclosure or containment." Consistent with this Court's ruling in Headen, supra, we conclude that § 15-15-22providing that the date of the plea "shall not be ... within three days after notice"requires that three full days pass between the date the defendant gives notice of his intention to plead guilty and the date the court takes the plea. Thus, we conclude that the three-day period that had to pass before the court could accept Pardue's guilty plea began on August 16, 1978, the day after Pardue gave notice that he intended to plead guilty, and that the last day of that period was August 18, 1978. Pardue, therefore, could have entered a plea of guilty in accordance with the statute on August 19, 1978. The district court erred in accepting Pardue's plea on August 18, 1978. Therefore, Pardue's conviction and sentence are due to be vacated. The judgment of the Court of Criminal Appeals is *412 reversed, and the cause is remanded for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
MADDOX, HOUSTON, SEE, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
BROWN, J., recuses herself.[**]

On Application for Rehearing
COOK, Justice.
APPLICATION FOR REHEARING OVERRULED.
HOOPER, C.J., and MADDOX, LYONS, JOHNSTONE, and ENGLAND, JJ., concur.
HOUSTON and SEE, JJ., dissent.
BROWN, J., recuses herself.[**]
HOUSTON, Justice (dissenting).
Upon a more serious reflection and review of cases involving guilty pleas and in which I voted, I am persuaded that my initial vote was wrong. A guilty plea waives a number of substantive rights that cannot later be argued on appeal. Some of the substantive rights that all defendants waive by pleading guilty are described in Rule 14.4(a)(1)(vi) and (vii), Ala. R.Crim. P.:
"(vi) ... [B]y entering a plea of guilty, the defendant waives the right to a trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
"(vii) ... [I]f the plea of guilty is accepted by the court, there will not be a further trial on the issue of [the] defendant's guilt."
When the State brings a charge against a defendant by an information, Ala.Code 1975, § 15-15-22, requires the trial court to wait three days from the time it receives notice that a defendant has chosen to plead guilty before it allows the defendant to enter the guilty plea. The legislative purpose for requiring a defendant to wait three days can only be for the benefit of the defendant. Judicial efficiency is not improved by slowing down the process three days. The purpose can only be to allow the defendant time to reflect upon the guilty plea. As with the more substantive rights listed above, if a defendant chooses to waive his entitlement to this three-day period and to enter a guilty plea sooner, then it is not for the trial court to force the defendant to enjoy the benefit of the statute. By pleading guilty on the third day instead of the fourth day, Pardue waived the three-day waiting period and waived his right to trial. Pardue voluntarily submitted to the court's jurisdiction and should not be allowed, by a petition filed over 19 years later, to overturn that conviction because of a failure to wait another 24-hour period, a failure that in no way would have inured to the benefit of the State or the trial court.
SEE, J., concurs.
NOTES
[*] Note from the reporter of decisions: The case action summary sheet in case no. DC-78-2264, Mobile District Court, indicates that in that case Pardue was originally charged with robbery. It further indicates, however, that on August 18, 1978, the court granted "a motion to add Ct. 2: Grand Larceny," and that on August 18, 1978, Pardue "pleaded guilty to Ct. 2."
[**] Justice Brown was a member of the Court of Criminal Appeals when that court considered this case.