Jerry Jerome Butler appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1980 guilty-plea convictions for burglary in the first degree and rape in the first degree, and his resulting sentences of life imprisonment for each conviction. Butler states in his petition that he did not appeal his convictions and sentences. Butler filed his Rule 32 petition on May 13, 2005. In his petition, Butler raised what appears to be three claims. After receiving a response from the State, the circuit court summarily denied the petition on June 28, 2005.
 I.
In his petition, Butler appears to contend that he was denied due process because, he said, the prosecutor approached him about a plea agreement before he was represented by counsel and while he was incarcerated for another crime. This claim is procedurally barred by Rule 32.2(a)(5), Ala.R.Crim.P., because it could have been, but was not, raised and addressed on appeal, and by Rule 32.2(c), Ala.R.Crim.P., because Butler's petition was filed long after the limitations period for raising a nonjurisdictional claim had expired. Therefore, summary denial of this claim was proper.
 II.
Butler also appeared to contend in his petition that the trial court lacked jurisdiction to accept his pleas because, he said, he pleaded guilty before he was indicted. Pursuant to §15-15-20 et seq., Ala. Code 1975[1] a criminal defendant may, in certain circumstances, plead guilty to a felony offense before an indictment is returned. Butler did not allege in his petition that he did not fall within that class of criminal defendants who may plead guilty to a felony offense before an indictment is returned; rather, he made only a broad allegation that he could not plead guilty to a felony before indictment. Therefore, his claim is meritless on its face and was properly denied by the circuit court.
 III.
Finally, Butler contends in his petition that the trial court lacked jurisdiction to accept his pleas because, he said, the informations filed by the district attorney were not made under oath as required by § 15-15-21, Ala. Code 1975. On appeal, the State concedes that this claim is jurisdictional, sufficiently pleaded, unrefuted, and meritorious on its face, and it requests that we remand this case to the circuit court for further proceedings. We agree that a remand is necessary.
In Ex parte Looney, 797 So.2d 427 (Ala. 2001), the Alabama Supreme Court held that the requirement in §15-15-20.1(b), Ala. Code 1975, that an information "shall be made under oath of the district attorney or a witness" was a prerequisite to a trial court's jurisdiction to accept a plea pursuant to an information. Although § 15-15-20.1 was not in effect at the time Butler entered his pleas, § 15-15-21, which provides that "[w]hen the desire of a defendant to plead guilty is made known to the court, it shall direct the district attorney of such court to prefer and file an information against such defendant, under the oath of suchdistrict attorney or some witness" (emphasis added), was in effect, and its language is substantially similar to that in § 15-15-20.1. In addition, Rule 13.1(b), Ala.R.Crim.P., defines an information as "a written statement charging the *Page 392 
defendant or defendants named therein with the commission of an indictable offense, made on oath, signed, and presented to the court by the district attorney," and this Court has held that the failure to file an information as required by §15-15-21 is a jurisdictional prerequisite to the acceptance of a guilty plea by information. See Coleman v. State,843 So.2d 237 (Ala.Crim.App. 2001). See also Ex partePardue, 797 So.2d 409 (Ala. 2000), Long v. State,675 So.2d 532 (Ala.Crim.App. 1996), and Ross v. State,529 So.2d 1074 (Ala.Crim.App. 1988) (all holding that compliance with § 15-15-22 is also a jurisdictional prerequisite to the acceptance of a guilty plea by information). Therefore, Butler's claim in this regard is jurisdictional and not subject to the procedural bars in Rule 32.2.
Butler's claim in this regard is also pleaded with sufficient specificity to satisfy the requirements in Rule 32.3 and 32.6(b), Ala.R.Crim.P.; the circuit court did not address this claim in its order denying Butler's petition; and the State did not refute this claim in its response to Butler's petition. It is well settled that "[o]nce a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof."Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App. 2001). Moreover, "`[w]hen the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'" Bates v. State, 620 So.2d 745, 746
(Ala.Crim.App. 1992), quoting Smith v. State, 581 So.2d 1283,1284 (Ala.Crim.App. 1991). Because Butler's claim is sufficiently pleaded and unrefuted, it must be accepted as true, and he is entitled to an opportunity to present evidence to support his claim.
Therefore, we remand this case for the circuit court to allow Butler an opportunity to present evidence in support of his claim that the informations filed in his case were not made under oath of the district attorney. The circuit court may either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Butler's claim, and may grant whatever relief it deems necessary. Due return shall be filed with this Court within 49 days of the date of this opinion. The return to remand shall include the circuit court's written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received and/or relied on by the court.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and WISE, JJ., concur.
[1] Various provisions in § 15-15-20 et seq. were repealed or superseded in 1996; however, those provisions were in effect at the time of the offense in this case.
* Note from the reporter of decisions: On January 27, 2006, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On February 24, 2006, that court denied rehearing, without opinion. On May 12, 2006, the Supreme court denied certiorari review, without opinion (1050780).