JAMES H. FAULKNER, Retired Justice.
In three separate indictments, Jessie Hightower was charged with three counts of unlawful distribution of a controlled substance, in violation of § 13A-12-211, Code of Alabama 1975. The cases were consolidated for trial, and the jury found High-tower guilty as charged on all three counts. Hightower was sentenced in each case to 10 years’ imprisonment plus an additional 5 years’ mandatory imprisonment (pursuant to the Alabama “schoolyard statute” as codified at § 13A-12-250, Code of Alabama 1975). The three sentences were ordered to run concurrently.
The sole issue raised on appeal is whether the indictments sufficiently charged Hightower with the offense of unlawful distribution of a controlled substance.
The indictments specifically charged Hightower as follows: “The Grand Jury of said County charges that, before the finding of this indictment Jessie Hightower, whose name is to the Grand Jury otherwise unknown, did unlawfully sell, furnish, give away, manufacture, deliver or distribute a controlled substance, to-wit: cocaine, in violation 13A-12-211 of the Code of Alabama, *659 against the peace and dignity of the State of Alabama.”
Hightower contends that the indictments upon which he was convicted are defective because they did not specifically charge him with “knowingly” committing the offense of unlawful distribution of a controlled substance.
The offense of unlawful distribution of a controlled substance is defined in § 13A-12-211, Code of Alabama 1975, as follows: “A person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he sells, furnishes, gives away, manufactures, delivers or distributes a controlled substance enumerated in schedules I through V.”
In Ex parte Harper, [Ms. 1901019, Sept. 27, 1991], 1991 WL 189276 (Ala.1991), the Supreme Court held that an indictment that tracked the statutory language of § 13A-12-211, Code of Alabama 1975, was not void for failing to allege that the offense was committed “knowingly.” The Court commented, however, that its holding should not be construed as stating that the State need not prove the defendant’s knowledge of the presence of the controlled substance.
We likewise hold that the three indictments charging Hightower with unlawful distribution of a controlled substance were not void because of the omission of the term “knowingly” from the indictments.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a Retired Alabama Supreme Court justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.