I agree that the circuit court's denial of Baker's Rule 32 petition should be affirmed. I disagree, however, with using this affirmance as a vehicle to overrule Ash v. State, [CR-98-2451, December 30, 1999] ___ So.2d ___ (Ala.Crim.App. 1999). The main opinion characterizes the holding of Ash as "a variance between an indictment and a trial court's oral charge is jurisdictional." Baker v. State, 819 So.2d 87, 89
(Ala.Crim.App. 2001). This overstates the holding in Ash. In Ash, the trial court's instruction to the jury allowed the jury to find the defendant guilty under either of two circumstances, effectively lowering the State's burden of proof by amending the indictment so as to allow the appellant to be convicted under a different set of facts than those of which he had notice by the indictment. It was the trial court's addition of an alternative crime to the crime charged in the indictment — of which the defendant had not been given notice — that deprived the trial court of jurisdiction, not the mere fact that there *Page 91 
was a variance. Thus the majority in Ash invoked Hall v. State for the proposition that "[a]n indictment can not be amended to charge an offense that was not encompassed in the original indictment." 655 So.2d 51, 52
(Ala.Crim.App. 1995) (emphasis added) (citing Ross v. State, 529 So.2d 1074
(Ala.Crim.App. 1988)). In the case sub judice, the appellant complains that the trial court created a fatal variance between the indictment and the trial court's instructions to the jury by instructing the jury that it had to find "[t]hat the defendant acted with intent." (R. 84.) This jury instruction does not create a fatal variance from the indictment because the effect is not to amend the indictment to allow the appellant to be found guilty of the same crime "under a different set of facts."House v. State, 380 So.2d 940, 943 (Ala. 1979). Thus this case is not analogous to Ash, and its resolution does not require or warrant the overruling of Ash.
Rather, the circuit court was correct to deny Baker's Rule 32 petition on this ground because this jury instruction requiring a finding of intent does not constitute a "misdescription of the elements" of the offense of distribution of a controlled substance. Distribution of a controlled substance is not a strict liability crime; therefore, an instruction requiring the jury to find intent does not deprive the appellant of notice of the crime for which he must defend himself. See13A-2-4, Ala. Code 1975 ("A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, states a crime of mental culpability."). See also Hightower v. State, 592 So.2d 658
(Ala.Crim.App. 1991) (indictments charging unlawful distribution of a controlled substance were not void because the term "knowingly" was omitted). Therefore, I do not believe the trial court's jury instruction constituted reversible error.